UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EMANUEL LEROY BROWN**, #576485,<br><br>Petitioner,<br><br>vs.<br><br>**STATE OF MICHIGAN**,<br><br>Respondent. | 2:18-CV-13675<br><br>**OPINION AND ORDER DISMISSING CASE** |

On November 21, 2018, Michigan prisoner Emanuel Leroy Brown ("Petitioner") filed a "Motion for Extension to File Federal Habeas Corpus," dated November 10, 2018. ECF No. 1. But he did not submit a petition for a writ of habeas corpus that complies with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases. He also did not submit either the filing fee or an application to proceed in forma pauperis. On November 30, 2018, Magistrate Judge Whalen issued an Order to Correct Deficiency requiring Petitioner to submit a habeas petition and either pay the filing fee or submit an application to proceed in forma pauperis within 21 days of the order. ECF No. 2. The order provided that if he did not do so, his case would be dismissed. Petitioner has not corrected any of the deficiencies.

1

A party must file a complaint to institute a civil action in federal court. See Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court."). Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *See Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013); s*ee also Gibson v. Department of Corrections*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a party "cannot commence a civil action by filing a motion"); *see also Luna v. Ford Motor Co.,* No. 3:06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *Illinois Blower, Inc., v. Deltak*, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004) ("jurisdiction does not attach until a complaint is actually filed").

The United States Supreme Court has held that a petition for writ of habeas corpus begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Those rules provide, in relevant part, that a habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

Petitioner's pleadings fail to meet these standards. He also failed to comply with the Court's prior order to submit a habeas petition. The Court is therefore unable to conduct a preliminary review of the case as required under Rule 4. Moreover, Petitioner has failed to pay the required filing fee or submit an in forma pauperis application as required by the Court's prior order. The Court shall therefore dismiss this case without prejudice for failure to comply with the Federal Rules of Civil

Procedure and the Rules Governing Section 2254 Cases, as well as this Court's prior order.

Accordingly, for the reasons stated, the Court **DISMISSES** this case. This dismissal is without prejudice, meaning that Petitioner may bring a new civil action by following the rules and filing a proper habeas petition under 28 U.S.C. § 2254, and either paying the filing fee or properly submitting an in forma pauperis application. The Court makes no determination as to the merits of any such petition. This case is closed and will not be reopened.

**IT IS SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2019